OLIVER D. HARRIS, Plaintiff in Error, v. JOHN VINYARD, Defendant in Error.

1. *Practice — Ejectment — Counter Claim — Specific Performance.*—Where, in a suit of ejectment, defendant set up as a defense his purchase of the premises under a contract with plaintiff's deceased father, such answer, if true, was sufficient to defeat plaintiff's recovery. But he would not, in consequence of such finding of the issue, be entitled to a decree vesting the title in himself as against all the heirs; and that portion of his answer praying for a decree of title in himself should be stricken out. The issue pertinent to the case raised by the answer would be whether the land in question belonged to the plaintiff or to the estate of his deceased father.

*Error to Second District Court.*

This was a suit for the recovery of certain lands in Jefferson county. Defendant admitted having possession of a portion of the land, but set up a cross-bill, alleging in substance that the property in dispute was, prior to 1855, public land adjoining and

partially embraced within his farm in Jefferson county; that when about to enter this tract in the land office, he found that plaintiff's father had already entered it in the name of "Oliver D. Harris;" that said Harris was finally prevailed upon to execute a bond to convey the tract to defendant, on condition that defendant would pay a certain sum, and would not apply to set aside the entry made by Harris; that on the faith of this agreement defendant had made large improvements on said land; that plaintiff's father had entered the land in plaintiff's name to avoid his creditors. Defendant tendered the sum agreed upon in the bond, and then asked that the title of the land be divested out of plaintiff and be vested in defendant.

*C. C. Whittelsey*, for plaintiff in error.

I. Admitting that the father of the plaintiff, Oliver Harris, entered the land in the name of his son Oliver D. Harris, the plaintiff, yet the entry by the father in the name of his son must be considered as an advancement to the son, and there was no resulting trust in favor of the father, Oliver Harris. (Notes to Dyer v. Dyer, 1 Wh. & Tud. Eq. Cas. 195, 204 Am. Notes; Jackson v. Feller, 2 Wend. 654; Partridge v. Havens, 10 Paige Ch. 618.) It was not necessary for plaintiff to prove that he himself made the entry of the land. It was sufficient that he produced the patent of the United States conveying to him the land in controversy, and that gave him the legal title. (Bagnell v. Broderick, 13 Pet. 436; Carman v. Johnson, 20 Mo. 108; West v. Cochran, 17 How. 403; Hooper v. Scheimer, 23 How. 235.) And the subsequent acts of the father could not restrict the presumption of an advancement in favor of the son, so as to create a resulting trust in favor of the father.

II. The entry having been made in the name of the plaintiff, his father, Oliver Harris, could not by any instrument of writing affect the rights of the plaintiff, who was a minor; and therefore could not, as agent or guardian, make a contract which would not be violable upon his coming of age. Had plaintiff made such a contract personally, the bringing of this suit would avoid the contract.

III. There was no consideration for the contract made between defendant and the father of plaintiff which would authorize the defendant to demand a specific performance of the contract from the plaintiff. The defendant did not show that he had any equity or claim to a pre-emption under the acts of Congress, at the date of the agreement, August 22, 1855. Defendant did not bring himself within the provisions of the act of Congress of Sept. 4, 1841 (5 U. S. Stat. p. 456, § 15) ; nor those of the act of March 2, 1843 (5 U. S. Stat. 620 ; Fenwick v. Gill, 38 Mo. 510, 527); nor those of the act of March 3, 1857 (11 U. S. Stat. 186). The defendant has never paid any part of the price paid upon entering this land ; and only when sued by the party holding the patent does he offer to pay the lowest graduation price, 12½ cents per acre, without showing that the land was subject to entry at that price. If Harris had fraudulently entered the land under the graduation act, which the recitals of the patent contradict, the defendant was assisting in the commission of a fraud by accepting the contract, and could have no cause of action against Harris, originating in such fraud. There was, therefore, no legal or valid consideration for the contract made by defendant with the father of plaintiff, and defendant was not entitled to a specific performance of such contract; and the instructions given by the Circuit Court were erroneous.

IV. If Oliver Harris entered the land in the name of his son Oliver D. Harris, the plaintiff, then the latter had both the legal and equitable title by the patent, and the defendant made a contract with a party who had no right or title in the land, and he cannot therefore be an innocent purchaser. The doctrine of innocent purchase does not apply to cases of this kind. The defendant, not being a creditor in any way, cannot invoke the interposition of the statute of fraudulent conveyances to create a trust in favor of plaintiff's father, and then to make that trust inure to the benefit of defendant.

*Green & Thomas,* for defendant in error.

I. The court committed no error in allowing defendant to prove the consideration which moved Oliver D. Harris to execute the

bond. (1 Greenl. Ev. § 285; Ames v. Ashley, 4 Pick. 71, Tingley v. Cutler, 7 Conn. 291.) The evidence amply proved not only a good consideration, but a valuable consideration. Vinyard had an improvement on the land and had a farm adjoining it, and he intended to proceed to set aside Harris's entry, and so informed Harris. Harris, in order to prevent Vinyard from attempting this, proposed to give him the sixty acres of land, which included defendant's improvements. Vinyard accepted this proposition by way of compromise, and after obtaining the bond for title did not take any steps to set aside the entry. This was a good consideration, and sufficient of itself to make the contract valid. It does not matter whether Vinyard could have set the entry aside or not. (Chit. on Cont. 44.) Besides, Vinyard was to pay the same price per acre to Harris that Harris had paid to the government. This was a valuable consideration, and sufficient to uphold the contract. The amount of the consideration is immaterial.

FAGG, Judge, delivered the opinion of the court.

This was an action of ejectment, in the Jefferson Circuit Court, to recover certain real estate described in the petition. The answer of Vinyard, the defendant below, admitted the possession of only a part of the tract, alleging that he had lawfully acquired the same in pursuance of a written contract with Oliver D. Harris, the father of the plaintiff, for the purchase of the same. The death of the father is also alleged, and the remainder of his heirs asked to be made parties to the suit. The purchase-money for that portion of the tract claimed by defendant being tendered in court, a decree was asked for, divesting the heirs of Oliver D. Harris, deceased, of the same, and vesting the title thereof in the defendant. It appears from the record that an attempt was made to bring in the heirs of the deceased, only one of whom appeared and answered. The court thereupon proceeded to try the issue tendered by the defendant's answer, and upon a special finding of the facts in the case rendered a judgment granting the relief prayed for. It is manifest, upon this statement of the case, that such a judgment cannot be permitted to

stand. The defense set up by Vinyard of his claim to the premises under a contract with the father of the plaintiff, as stated in his answer, was sufficient, if true, to defeat a recovery. It does not follow, however, that because that issue should have been found for him therefore he would be entitled to a decree vesting the title in himself as against all the heirs of the deceased party under whom he claimed.

The real question for determination was whether the land in question belonged to the plaintiff or to the estate of his deceased father. That was simply a question of fact depending for its solution upon the evidence in the cause, and which we do not feel authorized to review. That portion of the answer which prays for the decree of title in the defendant should have been stricken out. It has no proper connection with this case, and should be disregarded. The case will then stand upon the simple issue as between the plaintiff and the estate of his deceased father, it being averred by the answer that these names are identical.

The judgment of the District Court is therefore reversed and the cause remanded to the Circuit Court for further trial. The other judges concur.