————o————

MARTHA A. BARKER, Plaintiff in Error, *vs.* STEPHEN CIRCLE, Defendant in Error.

1. *Acknowledgments—Form of, in conveyances of land partly owned by wife and partly by husband, what sufficient.*—Lands owned by the husband and those owned by the wife in fee, may be embraced in the same conveyance; and under the Statute of 1855, the wife was not required to make two acknowledgments, one for her own lands, and one relinquishing her dower in the lands of her husband. Nor was it essential that a single acknowledgment should contain distinct references to the lands owned by the wife and those owned by the husband. A single acknowledgment would suffice. The clause relinquishing her dower will be held applicable to all lands in which she had dower, and surplusage as to all lands owned by her in fee.

2. *Deed by married woman having only equitable right—After-acquired title of —Ejectment brought under—Estoppel under former covenants—Claim of defendant for affirmative relief in such suit, etc.*—A married woman bought and paid for, and entered upon and permanently improved, certain land, but took no deed therefor; subsequently, conjointly with her husband, she conveyed the same by deed of trust with covenants of warranty, and after sale and purchase under the trust deed, being at that time discovert, obtained from her vendor a quit-claim deed for the property.

*Held,* That her covenants in the trust deed would not estop her from maintaining ejectment on an after acquired title, paramount to the right conveyed by her; but the legal title received by her from her vendor, the right to which she had previously acquired by her purchase and possession, was, in equity, in her hands, or in the hands of those having notice of her purchase and subsequent conveyance, subordinate to the right transferred by her deed of trust.

Where suit in ejectment is so brought, although defendant might properly ask to have plaintiff's title vested in himself, yet his failure to do so would not impair his right to hold possession against plaintiff claiming under that title with notice of defendant's equity.

## *Error to Carroll Circuit Court.*

*Kinsey & Mirick,* for Plaintiff in Error.

I. The acknowledgment was not in conformity to the law in force at the time of its execution and does not pass the wife's interest in land. (See Chauvin vs. Wagner, 18 Mo., 546; McDaniel vs. Priest, 12 Mo., 546.) In those cases the deed embraced but one tract owned by the wife, and the Court say that the words, "*and relinquished her dower,*" may be stricken out as superfluous; but in this case, as the land belonged both to husband and wife, the words, "*and relinquished her dower,*" cannot be stricken out as superfluous, because they are the words required by the statutes to pass the dower, and the only construction that can be placed upon the words, is, that they are words of limitation upon the effect of the preceding acts of the wife in making the acknowledgment, and restrict the same to the relinquishment of dower and nothing else.

II. Plaintiff in error being a married woman at the time of the execution of the deed of trust, is bound by none of the covenants therein contained, and is not estopped, after the death of her husband, from setting up an after-acquired title to the said land. (See 17 Johns, 166.)

III. Defendant attempts, in his answer, to set up an equitable defense, but the matters therein set forth would entitle him to no relief in a proceeding to acquire the legal title. (Shroyer vs. Nickell, 55 Mo., 269 and cases there cited.)

IV. If the answer does present an equitable defense to our legal title, defendant should ask that the same be decreed to him.

*Ray & Ray*, for Defendant in Error.

I. Under our law, an equitable title is a good defense to an action of ejectment, if properly pleaded. (See 20 Mo., 108; 27 Mo., 263; 19 Mo., 78; 47 Mo., 227 & 130; 42 Mo., 138 & 568; 39 Mo., 24.)

II. The mere addition of the words "*and relinquishes her dower*" in the certificate of a married woman's acknowledgment of a conveyance of her own estate, will not avoid the deed as to her. (Perkins vs. Carter, 20 Mo., 465; 23 Mo., 223; 44 Mo., 65; 56 Mo., 196; 18 Mo., 531; 19 Mo., 425; 11 Ill., 123.)

III. Whoever is capable of making a valid disposition of property may create a trust and grant a power of sale. Such trust and power of sale are valid when executed by a married woman, to secure the debt of her husband, or the contingent liability of his endorsers. (11 Am. Law Reg., 651, § 5; Kinner vs. Wash, 44 Mo., 65; Hill Tr., 46—421 and note; Young vs. Guff, 28 Ill., 20; 2 Wash. Real Pr., 80.)

IV. The doctrine of estoppel, by warranty, applies to cases of conveyances of their lands by married women joining with their husbands. (See 3 Washb. Real Pr., p. 106, § 43; p. 234, § 23, [3 Ed.]; Doane vs. Wilcut, 5 Gray, 328, 332; Colcord vs. Swan, 7 Mass., 291; Wagn. Stat., 273, § 2; R. C. 1855, § 3 [on Conveyances]; 8 Ohio, 222; 10 Metc., 192.)

V. If any person shall convey any real estate, by conveyance purporting to convey the same in fee simple absolute, and shall not, at the time of such conveyance, have the legal title, but shall afterwards acquire it, the legal title subsequently acquired shall pass to the grantee, etc. (R. C., 1855, p. 355, § 3; p. 234, § 23; 3. Washb. Real Pr., 106, § 43; 5 Gray, 328; 7 Mass., 291.)

Hough, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Carroll Circuit Court, for the recovery of the possession of one hundred and twenty acres of land in section 9, T. 51, R. 22.

The defendant, in his answer, set up in substance the following facts: That, in the year 1840 or 1841, the plaintiff, then being a married woman, purchased the property in controversy from one Robert H. Courts, who was at that time the owner thereof, and paid for the same, with her own money, the sum of five dollars per acre, and went into possession thereof, under said purchase, and, thereby, became entitled to a deed, from said Courts, for said premises; that on the 19th day of August, 1859, the plaintiff, jointly with her husband, Samuel Barker, executed and delivered a certain trust deed, whereby they conveyed to one R. D. Ray, as trustee, the premises sued for, and other real property which belonged to her husband, to secure certain parties, therein named, against loss and damage, by reason of their being sureties on a certain promissory note, therein described, and executed by said husband. Said trust deed expressly provided, that in the event of the failure of said Samuel Barker, to pay or cause to be paid the said note by the 1st day of April, 1860, the said trustee should proceed to sell the property described in said trust deed, at the court-house door in the town of Carrollton, first giving twenty days' notice, and apply the proceeds, as therein directed; that said note was not paid or caused to be paid, by said Barker, at the time specified, and the said trustee, afterwards, on the 19th day of March, 1864, in pursuance of the provisions of said trust deed, sold said property, and made, executed and delivered a deed therefor, to the purchaser at said sale, under and from whom, the defendant, by sundry mesne conveyances, claimed title and was in possession thereof, and had made lasting and valuable improvements; that after said sale, and about the year 1865, said Samuel Barker died, and afterwards, to-wit, on the 15th day of September, 1869, the plaintiff herein, with full knowledge of the sale under said trust deed, and of the purchase and possession of the defendant, and of the improvements made by him, procured from said Courts and wife, a quit-claim deed to herself for the premises in suit, for the nominal consideration of four dollars, but really in consideration of the previous purchase and payment

of the purchase money by plaintiff, in 1840 or 1841. The defendant further stated that the plaintiff had no other or further title to the premises, or right to the possession thereof, than as stated in his answer; and that the legal title so taken by her, was with full knowledge and in fraud of defendant's rights, and denied that plaintiff was entitled to the possession, or that he, the defendant, unlawfully detained the same from her.

The deed of trust was set out in full in the answer of the defendant and the certificate of acknowledgment thereof is as follows:

State of Missouri, } ss.
   County of Carroll.

Be it remembered that Samuel Barker and Martha A. Barker, his wife, who are personally known to me, Clerk of the County Court, in and for Carroll County, State of Missouri, to be the persons whose names are subscribed to the foregoing instrument of writing as parties thereto, this day appeared before me and acknowledged that they executed and delivered the same, as their voluntary act and deed, for the uses and purposes therein contained. And the said Martha A. Barker, being by me made acquainted with the contents of said deed or instrument of writing, acknowledged on an examination apart from her said husband, that she executed the same, and relinquishes her dower in the real estate, therein mentioned, freely and without compulsion or undue influence of her said husband.

Attest, etc., etc.

To the sufficiency of the defendant's answer, there was a demurrer, which was overruled by the court, and final judgment rendered thereon for the defendant; and plaintiff has brought the case here by writ of error.

Two points only are insisted upon here, by the plaintiff in error, for the reversal of the judgment of the Circuit Court: First, that the certificate of acknowledgment is insufficient to pass the right of the wife to the premises sued for; and, Second, that the legal title, derived from courts, under which

the plaintiff seeks a recovery in this action, is an after-acquired title, which she is at liberty to assert against the defendant, notwithstanding her covenants in the trust deed, she having been at the time they were made, a married woman.

On the first point, we hold, that lands owned by the husband, and lands owned by the wife, may be embraced in the same conveyance; and it was not necessary, under the statute in force at the time of the execution of the deed in question, that the wife should make two acknowledgments, one for her own lands, and one relinquishing her dower in her husband's lands; nor was it essential that a single acknowledgment should contain distinct references to the lands owned by the wife and those owned by the husband. A single acknowledgment, like the one under consideration, will suffice; the clause relinquishing her dower will be held applicable to all lands in which she had dower, and surplusage, as to all lands owned by her in fee. Under the General Statutes of 1865, now in force, there is but one form of acknowledgment provided for a married woman; the wife's acknowledgment of a conveyance of her own lands and that of lands in which she has dower only, are precisely the same, and the certificate of the officer taking such acknowledgments, is the same in both cases.

The question of after-acquired title as generally understood and discussed in the books, does not arise in this case.

If the plaintiff had, during coverture, conveyed to the defendant, a defective legal title, and had, afterwards, acquired a paramount title, she would not have been estopped, by any covenants she might have made in such conveyance, to maintain ejectment against the defendant on such after-acquired title, nor would it have passed, under our statute, to her grantee. (Reese vs. Smith, 12 Mo., 344.) Or, if she had conveyed to the defendant, as in the present case, her equitable right to the land and a consequent right to call on her vendor for the legal title, and had afterwards acquired a legal title, paramount to that of her vendor, she could undoubtedly have asserted that title against the defendant, notwithstanding her

covenants. But in the case presented she has not acquired any title paramount to that conveyed by her, but. one which is in equity, subordinate thereto, in her hands, or in the hands of any one having notice of the defendant's rights, acquired through her conveyance to the trustees.

It is evident that Courts, who sold the land in question to the plaintiff, received the purchase money and put her in possession thereof, could not have maintained ejectment, on the legal title retained by him, against the plaintiff's husband in his lifetime, or against her after his death. All the rights which the plaintiff and her husband had to the land, including the possession, were by and under the trust deed, and subsequent conveyances, transferred to, and vested in, the defendant. Courts could not, therefore, have maintained ejectment against the defendant on the naked legal title, retained by him. The plaintiff, having received, after she became discovert, the same legal title from Courts, to which the defendant had acquired a right through the sale under the trust deed executed by her, could occupy no better position than Courts did; and she cannot, therefore, maintain ejectment against the defendant.

It would have been entirely proper, and might have been prudent, for the defendant to have asked, in his answer, that the title held by the plaintiff should be vested in him; but that he did not do so, will not, under previous decisions of this court, in any degree impair his right to hold possession against the plaintiff claiming under that title, with notice of the defendant's right in equity, to have it conferred upon him. It would be much better practice, in all such cases as this, to ask affirmative relief, in analogy to the old form of proceeding, when law and equity were administered by distinct tribunals, and thereby conclude the litigation in a single suit.

The judgment of the Circuit Court will be affirmed; all the judges concur.