————o————

·CHAS. T. COLLINS, Appellant, vs. JOHN N. ROGERS, Respondent.

1. *Ejectment—Equitable defense—Misdescription.*—In ejectment, an equitable defense may be set up by proof, showing, that in a conveyance by plaintiff to defendant the former intended to transfer the property in dispute, but by mistake, the wrong section was designated.
2. *Equitable estoppel.*—Where one stands silently by for years while the occupant is making valuable and lasting improvements on property, he will be estopped from afterwards enforcing a claim.

*Appeal from Henry Circuit Court.*

*La Due & Fyke,* for Appellant.

*Pickerill & Blackford,* for Respondent, cited: Garnhart vs. Finney, 40 Mo. 449 ; Chouteau vs. Goddin, 39 Mo. 229 ; Skinner vs. Stouse, 4 Mo. 93 ; Rice vs. Bunce, 49 Mo. 231 ; Huntsucker vs. Clark, 12 Mo. 333 ; Highley vs. Barron, 49 Mo. 103 ; Tibeau vs. Tibeau, 19 Mo. 78 ; Hayden vs. Stewart, 27 Mo. 286.

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for four acres of land in a square form in the northeast corner of the southeast quarter of section 10, T. 41, R. 26.

Answer a general denial, and also an equitable defense to the effect that plaintiff had, on the 6th day of June, 1862, sold the four acres in question to his brother, James H. Collins (through whom defendant claims title), at the same time that he, plaintiff,

sold and conveyed to his said brother, the residue of the north-east quarter of the southeast quarter of section 10, T. 41, R. 26, but that, by mistake, the four acre piece was not included in the conveyance, although intended so to be. The plaintiff denied these allegations, but the court, on final hearing, found there was such a mistake as in the answer alleged, and decreed accordingly for the defendant.

The title of the plaintiff originated in a deed made to himself and brother, February 2d, 1858, by Olney and wife, which con-veyed the following described land: the southwest quarter of section 11 ; also, four acres in a square in the northeast corner of the southeast quarter of section 10, all in T. 41, R. 26 ; and this deed was the only evidence of title offered by plaintiff.

The defendant on his part offered in evidence a deed, made June 6th, 1862, by plaintiff to his said brother, which fully described the land in suit, except that it located it in the wrong section ; thus, this deed described the land as four acres in a square in the northeast corner of the southeast quarter of section number 11, T. 41, R. 26.

And the deed from plaintiff's brother, James H. Collins, to J. N. Barlow, made in January, 1865, described the premises sued for correctly, as does also the deed made in February, 1866, by Barlow, to defendant.

We think the proof ample to show that a mistake was made in the conveyance executed by plaintiff to his brother, James H. Collins. In addition to that, plaintiff acted as the agent of his brother in effecting the trade with Barlow, sent the deed on to Illinois to his brother to have it executed, and represented that his brother had the title, and afterwards delivered the deed ob-tained from his brother, and received the money for the land. Moreover, plaintiff stood silently by for years, while defendant, in good faith, has made valuable and lasting improvements on the disputed premises.

Taking into consideration all the foregoing circumstances, we feel no hesitancy in affirming the judgment of the trial court. The other judges concur, except Judge Wagner, who is absent.