CORRIGAN v. BELL *et al., Plaintiffs in Error.*

1. **Special Tax Bills:** ENFORCEMENT OF LIEN: RIGHTS OF PRETERMITTED PARTIES: EJECTMENT: EQUITABLE DEFENSE: PRACTICE. A statute provided that if any person interested in land sought to be charged with the payment of a special tax bill was not made defendant in the action, he should not be affected by a judgment therein, or a sale under such judgment, and if he claimed through or under any party defendant, prior to suit brought, might redeem from the purchaser at such sale. (Sess. Acts 1872, p. 411, ? 25.) In an action on a bill issued under this statute the owner and the trustee in a deed of trust given to secure a note and recorded before the institution of the suit, were made defendants, but the holder of the note was not. *Held*, that a subsequent purchaser under him had a right to redeem. *Held, also,* that these facts constituted an equitable defense to an action of ejectment, and that defendant was entitled in that action to a decree for redemption.

2. **Damages:** MARRIED WOMAN. A personal judgment for damages against a married woman is a nullity.

*Appeal from Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Reversed.

*F. M. Black* for plaintiffs in error.

1. Neither Glass, nor any one claiming under him, were made defendants, and they have a right to redeem from the purchaser at sale under the judgment on the tax bill. *Olmstead v. Tarsney*, 69 Mo. 399; *Farwell v. Murphy*, 2 Wis. 533; 1 Hilliard on Mort., p. 390, 391, 392; *Heim v. Vogel*, 69 Mo. 529; *Knowles v. Rablin*, 20 Iowa 101.

2. The fact that Fisher was made defendant will not defeat defendants' rights. Where the trustee in a deed of trust sells the property, he is, no doubt, the proper party to collect the purchase money, but he is not the proper party to sue upon the debt secured by the deed. His powers are simply to sell in case of default in payment. He cannot even release or satisfy the deed of trust when the debt is paid, without being joined by the *cestui que trust.* § 3311, R. S. The statute which provides that a trustee of an express trust may sue alone and in his own name, can have no application to this case. It has been doubted whether that statute applies at all to defendants. *Dillon v. Bates*, 39 Mo. 299. But the statutory rule is but the rule in chancery made applicable to law as well as equity cases. It has never been the rule in this State that such a trustee might foreclose the deed of trust by suit, without the holder of the debt being a party. The holder of the debt is the real party in interest, and is, therefore, both by the statute and general rules of pleading, not only a proper but necessary party. Story Eq. Plead., § 193; Bliss on Code Plead., § 100. That class of cases where a trust has been made by a corporation to secure coupon bond holders, can have no application here. Such trusts are usually coupled with extraordinary powers and duties, the bond holders

numerous, and for that reason another rule becomes applicable.

3. Defendants have a right to redeem, also, because neither Harrison nor Kellerman were made parties to the suit on the special tax bill; and defendant Nellie Smith is now the holder of the Kellerman note.

4. To an action of ejectment the defendant may not only plead an equitable defense, but may also have affirmative relief against the plaintiff. Bliss on Code Plead., §§ 349, 350; *Bartlett v. Judd*, 21 N. Y. 200; *Pitcher v. Hennessey*, 48 N. Y. 415; *Andrews v. Gillespie*, 47 N. Y. 487; *Barker v. Circle*, 60 Mo. 264; *Ells v. Pacific R. R. Co.*, 51 Mo. 204. Defendants were entitled to a decree for redemption. To drive them to a new action to redeem, and in the meantime enjoin this suit, would be, in effect, reviving the distinction between courts of law and equity, the very distinction the practice act seeks to abolish.

5. The judgment was taken against Nellie Smith, a married woman, for damages, and for that reason is erroneous, and should be reversed.

NORTON, J.—This is an action of ejectment to recover possession of lot 27, block 26, West Kansas addition to the City of Kansas. The answer of defendant Bell is a general denial. The answer of defendants Smith and Nellie Smith, his wife, sets up an equitable defense. This answer was demurred to and the demurrer sustained, and the action of the court in this respect is the chief ground relied upon for a reversal of the judgment. The demurrer to the answer admitted the following facts set up in the answer, viz: that plaintiff's title to the property in question is derived through a sale thereof made by the sheriff by virtue of a certain execution which issued on a judgment rendered in a suit instituted by plaintiff on the 18th day of April, 1874, against Edward Deyoeger, S. J. Fisher and Samuel Montgomery, to enforce the lien of a certain tax bill against said property; that said Deyoeger was the original owner

of said property, and on the 6th day of April, 1874, con-
veyed the same by deed of trust to S. J. Fisher, as trustee
for one Glass, to secure the payment of a note therein de-
scribed; which deed was on that day recorded; that Dey-
oeger had also, on the 10th day of September, 1873, con-
veyed, by deed duly recorded, the property in question to
one Harrison, in trust to secure the payment of a note
held by one Kellerman for $1,000; that Nellie Smith is the
holder and owner of the said note and deed of trust
executed to Harrison in trust for Kellerman; that Fisher,
as trustee, sold the property conveyed to him in trust for
Glass, at which sale Glass became the purchaser, and sub-
sequently to his purchase sold one-half the land to one
Bell, and that said Bell and Glass, by a subsequent deed,
conveyed the entire property to defendant Nellie Smith;
that said Glass, Harrison and Kellerman, nor either of
them, were made parties defendant in the said suit brought
by plaintiff to enforce the lien of the special tax bill; that
defendant Nellie Smith, before filing her answer in this
suit, offered to redeem said property, and tendered to
plaintiff $100, which he admitted was the full amount of
the tax bill, interest and all costs of the suit instituted to
enforce its collection, as well as all costs of this suit to date
of tender.

It is provided in an act amendatory of the charter of
Kansas City, in section 25, (Acts 1872, p. 411,) that persons in-
terested in the land sought to be charged, who
are not made defendants, shall not be affected
by any judgment obtained in any suit on any
special tax bill, nor by any sale under such
judgment; "and if they claim through or under any par-
ties defendant, prior to suit brought, may redeem from the
purchaser or otherwise assert their rights according to
equity and good conscience." Applying this act to the facts
set up in the answer and admitted by the demurrer, it is
clear that defendant Nellie Smith's interest in the land was
unaffected by the judgment rendered in the tax bill suit,

and that she had the right to redeem.    The fact that Fisher was made party defendant in the tax bill suit was not sufficient to deprive her of this right, inasmuch as Glass, the beneficiary and real party in interest in the deed of April 6th, 1874, was not made a party.    In the case' of *Olmstead v. Tarsney*, 69 Mo. 399, where the above statute was before the court for construction, it was held " that the incumbrance on property created by special tax bill must be treated as conferring upon the owner thereof the same right which would have been conferred by a mortgage for that amount, and as being similarly subject to redemption." Under the principle announced in that case, we think the answer of defendants set up an equitable defense to plaintiff's action, and that the affirmative relief asked for might well be granted, on the authority of the following cases: *Baker v. Circle*, 60 Mo. 264; *Bartlett v. Judd*, 21 N. Y. 200: Bliss on Code Plead., § 349.

Aside from the error committed in sustaining the demurrer, personal judgment for damages was rendered against Nellie Smith, and she being a married woman, this is sufficient to authorize a reversal of the judgment.    *Lincoln v. Rowe*, 64 Mo. 138, and cases cited.    Judgment reversed and cause remanded, in which all concur.

2. DAMAGES: married woman.