## FAUST, *assignee, v.* BURGEVIN, *et al.*

A bond given by one of several partners, on dissolution, to the retiring partner, conditioned to pay the debts of the firm and save him harmless, is not merely a bond of indemnity, but is broken by a failure to pay the debts due or to become due within a reasonable time; and a right of action accrues upon it.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

WATKINS & ROSE, for appellant.

The bond sued on was a bond of indemnity, but it was something more ; and the question submitted is, whether upon this covenant Brugman could sue before .he had himself paid the debts of the late firm, or some part of them.    The literal import of the covenant is to pay the debts due within a reasonable time, and those not due, as they fall due ; and when it is broken, a right of action accrues.    The question of the measure of damages does not arise. See *Churchill v. Hunt, 3 Denio, 324; Thomas v. Allen, 1 Hill, N. Y., 146; Lewis v. Crockett, 3 Bibb 196; Bryan v.. Bufort, 7 J. J. M., 335; Pope v. Davidson, 5 J. J. M., 400; Parson on Con., 462, citing 9 M. & W., 657; Robin-*

*son v. Robinson, 29 Eng. Law & Eq.,* 212; *Ex parte Negus, 7 Wend.,* 499; *Lethbridge v. Mytton, 2 B. & Ad.,* 772; *Carter v. Adamson, 21 Ark.,* 287.

GARLAND & NASH, for the appellees.

This action is on a bond for indemnity and nothing more. *Hough, Lamkin, et al., v. Perkins, 2 How. (Miss.),* 724; *Douglass v. Clark, 14 John.,* 177; *1 Saunders,* 117, *n. 1; Tuliaferro v. Brown, 11 Ala.,* 762. No cause of action can arise on the bond till the plaintiff is damnified, and he is not damnified till he has paid something. *Collinge v. Haywood, E. C. R., 36,* 223; *9 A. & E. 633; Reynolds v. Doyle, E. C. R., 396, 638; 1 Man. & Gr.,* 753; *Sedg. on Dam. (3d ed.)* 311, 321; *Thomas v. Allen, 1 Hill,* 145; *Rockfeller v. Donnelly, 8 Cow.,* 623; *Jeffries v. Johnson, 1 Zabrinski,* 73; *18 Ohio,* 47.

CLENDENIN, J.

This was an action of ejectment instituted in the circuit court upon the following instrument:

"Know all men by these presents, that we, Edmund Burgevin, as principal, and John T. Trigg and Henry M. Rector, as securities, are held and firmly bound unto Peter Brugman in the sum of twenty thousand dollars, well and truly to be paid, we bind ourselves, our heirs, executors and administrators, and each of them, firmly by these presents: as witness our hands and seals, this 29th day of August, 1860.

"Conditioned that whereas the said Burgevin & Brugman have heretofore been partners in the mercantile business in the city of Little Rock, Arkansas, under the name of Burgevin & Co., and whereas said partnership has been dissolved this day, upon terms agreed upon by the parties, one of which is that said Burgevin shall pay off and discharge all the debts now due or to become due by said partnership, of every name, nature and description, and hold the said Brugman entirely harmless in respect thereof. Now, if the said Burgevin shall

pay off and discharge all such partnership debts now due or to become due, and hold the said Brugman entirely harmless in respect of said debts, then the above bond to be void, otherwise to remain in full force and effect.

" Signed,        EDMOND BURGEVIN, [seal.]
        "JOHN T. TRIGG,        [seal.]
        "HENRY M. RECTOR,        [seal.]"

The breach of the declaration was, that certain creditors of the firm of Burgevin & Co. had sued and recovered judgment against the plaintiff, for a debt due by said partnership, and that the defendant Burgevin " did not pay off and discharge said partnership debts and hold the said plaintiff entirely harmless in respect to the same;" and that the said plaintiff and Burgevin, at the time of the execution of the bond, owed a large amount of debts, which they had contracted as partners, and that Burgevin had not paid off and discharged the said debts. Burgevin and Rector, the defendants, who were sued, filed their demurrer to the declaration, which was sustained, and final judgment being rendered in favor of the defendants, the plaintiff excepted and appealed.

The several causes assigned for demurrer, are, in substance, that the plaintiff had failed in his declaration to show any breaches of the conditions of the bond sued on, or any cause of action in the plaintiffs.

We do not consider the bond sued on in this case as a mere bond of indemnity, it is something more, it is a bond to pay as well as to hold harmless. There are two distinct stipulations in the bond: the first, " that Burgevin shall pay off and discharge such partnership debts now due or to become due;" and second, " to hold the plaintiff harmless in respect to said debts." This was the contract of the defendants, and we can not place the parties in any other condition than they place themselves by their contract. If Burgevin failed to pay the debts that were due or to become due, according to the averments of the declaration, we think the covenant was broken and a right of action accrued to the plaintiff.

In a case similar to the one we are considering, the Supreme Court of New York say: "As one of these debts was over due, and had not been paid when the suit was commenced, the condition of the bond was broken, and a good right of action shown." *3 Denio, 324.* And this court, in the case of *Carter r. Adamson, 21 Ark., 287*, upon a question and a bond like the one before us, say: "There being no time fixed in the covenant for the payment of the debts, it may be supposed that it was the intention of the parties that such of them as were due at the date of the contract should be paid immediately, and that such of them as were not then due should be paid at maturity. According to the current of adjudications, on the failure of Adamson & Higgins to pay such of the firm debts as were due at the date of the covenant within a reasonable time thereafter, or on their failure to pay such of them as were not then due within a reasonable time after maturity, the stipulation in the covenant for the payment of the debts was broken, a cause of action accrued to Carter."

In this view of the law, the judgment of the circuit court must be reversed, and the case remanded to that court, with directions to overrule the demurrer, and permit the defendants to plead.