# GEORGE C. CUSTER

*v.*

## FRANCIS AGNEW.

1. ATTORNEY AT LAW—*right to pay money to him.* The attorney of record of a party in whose favor a judgment is rendered, has full authority to collect the money and give acquittance therefor, either to the judgment debtor or the sheriff. But if the attorney's authority is revoked, and the sheriff, after notice of that fact, pays the money to him, the plaintiff may recover the same of the sheriff.

2. SHERIFF—*proceeding against by motion.* Section 23, of chapter 125, of R. S. of 1874, which provides for proceeding against a sheriff for a contempt, being summary and penal, was not designed to apply to a case where the fact of the officer's liability is open to dispute. It applies only when it is the sheriff's plain and undisputed duty to pay, and his neglect is wilful.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. F. I. FISHER, for the appellant.

Messrs. RICABY & LANDIS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a motion by appellant for a rule upon appellee, who was sheriff, requiring him to pay over to appellant a cer-

tain amount of money which appellee had collected by virtue of an execution issued upon a judgment rendered in favor of appellant against Kimball & Co. Appellee shows, in answer to the motion, that he had paid over the money to Eldridge & Tourtellotte, the attorneys of record of appellant in the recovery of the judgment.

Appellant filed his own affidavit, stating, among other things, that he, in person, took the execution to the office of the sheriff, and delivered it to the clerk of the sheriff, whose duty it was to receive executions for the sheriff, and make the proper memoranda in the sheriff's books, and then to hand over the execution to some one of the deputy sheriffs for collection, (commonly called, in that office, "the execution clerk,") and stating further, that appellant told this "execution clerk" that the money, when collected, must be paid over to the appellant in person. The sheriff denies that such notice was given to this "execution clerk," and produces the affidavit of the clerk, tending to show that the notice was not given to him, as alleged.

On this point the evidence is contradictory. The circuit court refused to order the sheriff to pay over the money, and we are asked to reverse this judgment.

The attorney of record for a party in whose favor judgment is rendered, has full authority growing out of this relation to collect the money and give acquittance therefor, either to the judgment debtor or the sheriff. The judgment creditor undoubtedly has the right to discharge his attorneys at any time and revoke the authority to collect; and money paid over to such attorney after his power to receive is revoked, by any one having notice that the power is revoked, must undoubtedly be regarded as paid of his own wrong, and can be recovered by the plaintiff from the party so wrongfully paying the same to such attorney.

It seems, however, upon the face of this record, that the money was paid over to the attorneys in good faith, by the sheriff. There seems an honest dispute between the parties

as to whether such notice was given to the appellee as rendered it his duty to refuse to pay the money to the attorneys.

This is a proceeding under section 23, of chapter 125, Rev. Stat. 1874, page 991, wherein it is provided, that "if any sheriff unreasonably neglects to pay any money collected by him on execution,   *   *   *   when demanded by the person entitled to receive the same, he may be proceeded against as for a contempt," and provides for a forfeiture of five times the amount of lawful interest, etc.

The proceeding is summary and penal. It is plain it was never designed that, in such proceeding, any debatable fact should be tried in this summary manner upon affidavits. This statute applies only to cases where it is the plain, undisputed duty of the sheriff to pay, and where his failure to pay is wilful.

It is not necessary, in order to affirm this judgment, to decide in this case that appellee is not liable to pay this money to appellant. It is sufficient that the question is a fair subject of dispute. In such case the remedy, if any, is not under this statute, but by action at law, where the facts may be found by a jury.

*Judgment affirmed.*