St. Louis, Iron Mountain & Southern Railway Company *v.* Carl Lee.

Opinion delivered October 26, 1901.

Carrier—Failure to Furnish Car—Sufficiency of Complaint.—A complaint against a railway company which alleges that plaintiffs placed for shipment near defendant's side track a large quantity of timber, and requested one of the defendant's freight conductors and two of its station agents to furnish a car for its shipment, and that defendant neglected to furnish a car until, by exposure to

worms and weather, the timber was destroyed, is insufficient in that it fails to allege a tender of the property for shipment, or its receipt by defendant for shipment, or a tender to or receipt by one of defendant's authorized agents for shipment, or an application for a car to an agent of defendant authorized to furnish cars.

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

*Francis Johnson* and *Dodge & Johnson,* for appellant.

The court should have sustained the demurrer to the complaint. The freight conductor had no control over the moving of freight, and a request to him to furnish a car was not a request to the company.    40 Ark. 309.    If he had such authority, it should have been alleged.    46 Ark. 103; 29 Ark. 501.    Nor did the agents at McCrory and Wynne have such authority.    51 Ark. 155.

*J. F. Summers* and *E. M. Carl Lee,* for appellees.

As to who shall be entitled to the benefits of Sand. & H. Dig., §§ 6193-4, see 61 Ark. 563.    Appellant should have resorted to motion to make more specific, rather than demurrer.    52 Ark. 378; 58 Ark. 138.

BATTLE, J.    The complaint in this action is as follows: "Come the plaintiffs, Ed S. Carl Lee and P. L. Fakes, and for cause of action herein against the defendant state: That in July, 1899, the St. Louis, Iron Mountain & Southern Railway Company was a corporation, organized and existing under the laws of the state of Arkansas; that said corporation was then, and is now, engaged in the transportation of freight between Woodruff, Ark., and Wynne, Ark., as a common carrier; that on or about July, 1899, this plaintiff placed for shipment on or near this defendant's side track, at Woodruff, Ark., five cords heading bolts and six hundred and seventy-one spokes; that this plaintiff requested one of the defendant's freight conductors, who was operating one of defendant's freight trains, to furnish a car in which to ship this plaintiffs' heading bolts and spokes as aforesaid to Wynne, Ark.; that afterwards, to-wit, on or about July 20, 1899, this plaintiff made application to this defendant's agent at McCrory to furnish a car at Woodruff, Ark., in which to ship this plaintiffs' heading bolts and spokes as aforesaid to Wynne, Ark.; that afterwards, to-wit, on or about August 10, 1899, this plaintiff made application to this defendant's agent at Wynne, Ark., to furnish a car at Woodruff,

Ark., in which to ship this plaintiffs' heading bolts and spokes as aforesaid to Wynne, Ark.; that neither this defendant's freight conductor, nor its agent at McCrory, nor its agent at Wynne, Ark., nor any one else for said defendant furnished a car at Woodruff, Ark., to this plaintiff in which to ship said heading bolts and spokes as aforesaid; that this defendant negligently failed to furnish a car at Woodruff, Ark., in which to ship said heading bolts and spokes as aforesaid to Wynne, Ark., until, by reason of exposure to worms and weather, plaintiffs' heading bolts and spokes as aforesaid were damaged to the extent of their full value; that said heading bolts and spokes as aforesaid were of the value of $33.71; that by reason of this defendant's failure to furnish said car at Woodruff, Ark., as aforesaid, this plaintiff has been damaged in the sum of $33.71. Wherefore these plaintiffs pray that they have and recover of and from this defendant the sum of $33.71, and all costs of this action."

To this complaint defendant filed a demurrer, which was overruled, and, the defendant having refused to plead further, and the cause having been submitted for the assessment of damages, the court heard the evidence adduced, and rendered judgment in favor of the plaintiff for $33.75; and the defendant appealed.

The court erred in overruling the demurrer. It should have been sustained, because the plaintiffs did not allege or show in their complaint that they or either of them tendered the property described therein to defendant for shipment, or that the property was received by it for shipment, or that it was tendered to or received for shipment by any of defendant's agents who were duly authorized to ship the same, or that they or either of them applied for a car or cars for the shipment of the property to any one of its agents who were authorized to furnish cars.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with instructions to sustain the demurrer and to allow the plaintiffs to amend, if they desire.