MOORE v. ROOKS.

Opinion delivered October 24, 1903.

1. EXECUTION—FAILURE TO RETURN—DEATH OF CONSTABLE.—In an action on a constable's bond, under Sand. & H. Dig., § 3107, for failure to return an execution within the time required by law, it is a good defense that the constable died before the time for making the return had expired. (Page 564.)

2. SAME—FAILURE TO MAKE SALE—DEFENSE.—In an action on a constable's bond for the penalty provided by Sand. & H. Dig., § 3107, for failure to make sale of property taken under execution, it is a good answer that on the day set for sale the constable was mentally unsound and incapable of making the sale, and that the deputy constable offered to make it, but the plaintiffs refused to permit him to do so. (Page 564.)

3. PLEADING—INDEFINITENESS.—The objection that an answer is indefinite and uncertain should be made by motion, and not by demurrer. (Page 564.)

Appeal from Poinsett Circuit Court.

THOMAS P. McGOVERN, Special Judge.

Affirmed.

STATEMENT BY THE COURT.

This is an action against sureties on a constable's bond. The complaint alleges that the plaintiffs, Wm. R. Moore & Co., recovered a judgment against S. G. Stone before a justice of the peace in Bolivar township, in Poinsett county; that one C. C. Claunch was constable of that township; that an execution was issued on the judgment, and placed in the hands of Claunch, as constable, who levied the same on personal property belonging to Stone. The defendants, Rooks and Bratcher, are sureties on the bond of the constable, and as breaches of the bond the complaint states that the constable failed to make a sale under the execution, and also failed to return the execution.

For answer to the complaint defendants among other matters allege that Claunch "was excused from making a sale of the property for reason that on the day set for the sale, and prior thereto, he was and had been quite ill and mentally unsound, and unqualified and incapable physically and mentally to make a sale of said property, or return the execution, and a few days after the date for the sale of said property, and before the expiration of the time within which said execution should have been returned, said Claunch, without having recovered mental or physical strength sufficient to understand or know his duty or requirement to return said execution, departed this life."

The answer further alleged that on the day fixed for the sale of the property under the execution, and while Claunch "was physically and mentally unable to sell the property, the acting deputy constable of the township offered to make a sale of the same under the execution, but plaintiffs, by and through their attorney, refused to permit the deputy constable to make the sale, well knowing the physical and mental condition of said Claunch." Wherefore they ask judgment for costs and for other relief.

Plaintiffs demurred to the answer. The court overruled the demurrer, and, the plaintiffs electing to stand on their demurrer, the court thereupon gave judgment against the plaintiffs that they take nothing by their action and pay all costs. From this judgment plaintiffs appealed.

*T. E. Hare,* for appellants.

The constable having received the execution, his sureties could not excuse his failure to return the same as directed in the way that is attempted, for the law is mandatory. Sand. & H. § 3107; 47 Ark. 377.

*L. C. Going,* for appellees.

If the performance of the conditions of an official bond becomes impossible by the act of God, the penalty is saved. Murfree, Off. Bonds, § 130; 2 Am. & Eng. Enc. Law, 463; 17 Am. Dec. 96; 1 Am. & Eng. Enc. Law, 173; 37 N. Y. 586; 32 Ark. 415; 25 Ark. 315. The deputy's term of office expired with the death of his principal, and his acts thereafter would have been void. 9 Am. & Eng. Enc. Law (2 ed.), 382; 9 Ohio, 151. If

a defense was presented in any part of the answer, the general demurrer was properly overruled. 30 Ark. 312; 31 Ark. 301; 37 Ark. 32; 18 Ark. 347.

Riddick, J., (after stating the facts).This is an action against sureties on a constable's bond to recover the penalty provided by statute against an officer for neglect or failure to make sale of property taken under an execution or for failing to return an execution. Sand. & H. Dig. § 3107. No actual damages are alleged or proved. There can be no question that the facts stated in the answer relieve the bondsmen from liability to a penalty on account of a failure of the constable to make return of the writ, for it is alleged that he died before the time for making the return had expired. As to the failure to make the sale, the answer alleges in substance that the constable on the day set for the sale was by reason of illness and of mental and physical infirmity incapable either of making the sale or of understanding that it was his duty to make it. The answer further alleges that on the day of the sale the deputy constable offered to make the sale, but that plaintiffs by their attorney refused to permit him to do so. It is, of course, true that, if the execution had been properly delivered to the deputy and had been levied by him, he did not need the permission of plaintiff to authorize him to sell, for the execution was his authority to do ·that. He might have gone ahead· and made the sale without further consulting plaintiffs, so long as his authority as deputy continued. But, though he might have done this, yet if, by reason of the condition of his principal, he had doubts of his authority, and in that dilemma submitted the question to plaintiffs or their attorney, offering to make the sale with their consent, and they objected to the sale, and refused to consent thereto, they certainly have no right to hold the constable or his bondsmen liable for a penalty now for not doing that to which they objected then. The answer does not expressly state to whom the deputy constable made the offer to sell, and in this and in some other respects may not be as definite and certain as it should have been, but these are defects which should have been corrected by motion to make more definite and certain.

Taken as a whole, we are of the opinion that the answer set up a good defense against the claim for penalty, and that the court did not err in overruling the demurrer, and the judgment must therefore be affirmed.