## CRAIG *v*. SMITH.

Opinion delivered March 4, 1905.

EXECUTION—FAILURE TO PAY OVER MONEY COLLECTED.—Kirby's Digest, §
    4487, providing for a summary judgment against a sheriff, coroner
    or constable for failure to pay over money collected upon an execution,
    with a penalty of ten per centum added, is highly penal, and will not
    be enforced if there was no intentional delinquency, as where a con-
    stable refused to turn over funds collected by him upon an execution
    because he was being sued by the execution defendants for having
    sold their goods thereunder, and the execution plaintiffs refused to
    indemnify him against such suit.

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*Bradshaw, Rhoton & Helm* and *Eugene Lankford,* for
appellants.

Where an officer will not do his duty after being requested to
do so, the statute providing a penalty for failing should be
enforced.    Sand. & H. Dig. § 4252; 22 Ark. 524; 47 Ark. 378.

*J. H. Harrod,* for appellee.

The objections urged were not properly saved.    44 Ark. 213;
14 Ark. 202; 34 Ark. 721.

HILL, C. J.    Craig & Company brought suit in justice of
the peace court at Carlisle against Tymich & Hobart, and caused
an attachment to issue, which was placed in the hands of the con-
stable of that township, Joe T. Smith, the appellee in this case.
Smith levied on a stock of goods belonging to Tymich & Hobart,
and, pursuant to an order of the justice court, sold the goods upon
a credit of three months.    Before the purchase money became due,
Tymich & Hobart sued Smith and the sureties on his official bond
for the sum of $600, an amount largely in excess of the proceeds
of the sale, and which they alleged was the value of the goods
levied upon and sold.    In their suit they alleged that said con-
stable, without authority of law, seized and sold their goods, act-
ing under an illegal order.    Later, the complaint was amended,
alleging false return and illegal procedure in the conduct of the
sale, as well as attacking the validity of the order under which
he acted.    Smith answered, justifying under his process for all

acts done, and denying that he acted otherwise than required by his process and order of court.

This suit progressed for some years, and was finally dismissed. Shortly after it was brought Smith collected the purchase money for the goods sold. This is a suit for summary judgment for the amount collected and 10 per cent. per month damages after demand therefor, as provided in section 4487, Kirby's Digest.

The court found the facts to be: That Smith had in his hands $112.78, as money collected in his official capacity in the above-mentioned suit, and that he has held said amount, under an agreement with Craig & Company, until the suit of Tymich & Hobart against him and his sureties should be determined, and the defendant had offered to turn the same over pursuant to the agreement since said suit was dismissed, which Craig & Company would not accept; and upon this finding the court gave judgment for Smith to pay said sum in the registry of the court with the costs of that term, and be discharged, and Craig & Company appealed.

It is insisted that this finding of fact is not supported by the evidence. These facts are, however, proved (accepting as true the testimony to sustain the judgment, which is the duty of appellate courts): That when sued the attorney for Craig & Company agreed with Smith that he would assist Smith's attorney to defeat the suit, as Craig & Company were interested in it also, and that he should retain the money collected until it was determined, and, if adverse to him, should use the money in paying the judgment against him, and, if in his favor, shall then pay it over to Craig & Company. Later on, nearly two years thereafter, Craig & Company made demand on Smith for the money, and, acting under advice of his counsel, he offered to pay it over if Craig & Company would indemnify him against the still pending suit of Tymich & Hobart. This was refused, and this action brought for the money and the penalty since demand.

The statute in question is highly penal, and the party invoking it must bring himself within both the letter and spirit of it. Murfree on Sheriffs, § 947; *Moore* v. *McClief,* 16 Ohio St. 50; *Williams* v. *State,* 65 Ark. 159. In considering a similar statute the California court said: "This remedy was only given for cases of intentional delinquency on part of the sheriff, as a pun-

ishment for his willful or corrupt neglect of duty." *Wilson* v. *Border*, 10 Cal. 486. This is the generally approved view of these penal statutes providing for summary judgment against officers. *Johnson* v. *Gorham*, 65 Am. Dec. 501; *Custer* v. *Agnew*, 83 Ill. 194; *Hull* v. *Chapel*, 71 Minn. 408; *Deering* v. *Burke*, 74 Minn. 80; *Nash* v. *Muldoon*, 16 Nev. 404. In *Williams* v. *State*, 65 Ark. 159, this court held that this statute was not enacted as a substitute for an ordinary action to recover the amount due, but was to reach palpable derelictions on part of the officer.

The evidence adduced shows that, when the appellants receded from their agreement to allow this money to be held as an indemnity against the suit then pending, acting under advice of counsel, the appellee offered to turn over the money if appellants would idemnify him with a bond against that action. Admitting that he had no right to demand a bond, yet it was a reasonable request and a fair one. The appelants were non-residents. The constable and his sureties were suied for a considerable sum for actions done in obedience to writs and orders procured by appellants, and doubtless acting under their directions.

It is insisted that the constable was delaying the suit in order to hold the money. There is very little evidence tending to sustain that view, and it is contrary to the court's finding. The constable was, of course, subject to ordinary suit for this money whenever the appellants saw fit to recede from their agreement to permit him to hold it, but the evidence fails to show that there was such a willful or corrupt holding of the money as would render him liable to the penalties provided in this statute.

The judgment is affirmed.

Battle, J., concurs in the judgment.