## CAZORT & McGEHEE COMPANY *v.* DUNBAR.

### Opinion delivered July 12, 1909.

1. PLEADING—EXHIBITS.—Written instruments filed as exhibits to a complaint in equity, and thereby made a part of the record, will control the averments of the complaint. (Page 403.)

2. SAME—CONSTRUCTION OF COMPLAINT.—In determining whether a complaint states sufficient facts to constitute a cause of action, every fair and reasonable intendment must be indulged. (Page 404.)

3. SAME—INDEFINITENESS.—If the averments of a complaint are imperfect, incomplete or defective, the proper mode of correction is not by demurrer but by a motion to make the allegations more definite and certain. (Page 404.) ·

4. INDEMNITY—CONSTRUCTION OF MORTGAGE.—The distinction between an indemnity mortgage to save the mortgagee harmless and an indemnity mortgage to satisfy a liability incurred is that in the former the condition is not broken until the mortgagee· is actually damnified by being forced to pay the liability, while in the latter the condition is broken as soon as the liability accrues. (Page 404.)

5. SAME—WHEN CAUSE OF ACTION ACCRUES.—Where an indemnity mortgage obligated the mortgagors to pay whatever liability should ·be

adjudged upon a supersedeas bond executed in their favor by the mortgagees, a cause of action accrued in favor of the mortgagees as soon as the mortgagors failed to pay any liability adjudged upon such bond. (Page 405.)

6. PRINCIPAL AND SURETY—CONCLUSIVENESS OF JUDGMENT AGAINST SURETY. —A judgment obtained against the sureties on a supersedeas bond in a suit to which the principal was not a party is only *prima facie* evidence of the amount due as against the principal. (Page 405.)

7. MORTGAGE—IDENTIFICATION OF AMOUNT.—A mortgage is not defective in failing to state the exact amount intended to be secured if it sufficiently sets forth the liability in general terms. (Page 405.)

8. HUSBAND AND WIFE—CONVEYANCE BY MARRIED WOMAN—VALIDITY.— Where a married woman joined with her husband in the granting clause of a deed and acknowledged its execution, this will be held to be a sufficient execution and acknowledgment to convey title to her separate property, though she also released her dower and homestead interest and acknowledged that she had made such relinquishment. (Page 406.)

Appeal from Crawford Chancery Court; *J. Virgil Bourland,* Chancellor; reversed.

*Jesse London* and *Winchester & Martin,* for appellants.

1. Judgment against the sureties by *consent* does not bar them from any benefit under the mortgage. The right to foreclose accrued as soon as Ella Sharp failed and refused to perform the judgment. 25 Ark. 170; 23 *Id.* 530. The mortgage was a contract for indemnity, and failure to satisfy the judgment gave the sureties the right at once to enforce the contract. 23 Ark. 530. The liability was fixed by the judgment of the Supreme Court affirming the judgment below. The failure of the principal to satisfy the judgment perfected the right of the sureties to enforce indemnity. 16 Ark. 83; 56 S. W. 7; 43 Iowa, 86.

2. If the mortgage contains enough to embrace the liability intended to be secured, and to put a person examining the record on notice, and to direct him to the proper source of information, it is sufficient. 46 Ark. 70; Jones on Mortg. (5th Ed.) §§ 380, 384. The mortgage protects the parties to the extent of the amount they were compelled to pay. Cases *supra.*

*Ira D. Oglesby,* for appellees; *Edwin Hiner,* of counsel.

1. Ella Sharp did not convey the land as her separate property, but only released dower and homestead rights. The ex-

hibits to the complaint control and determine plaintiff's right of recovery.  68 Ark. 263.

2.  Ella Sharp was not a party to the suit in which a *consent* judgment was rendered, and she is not bound.  The complaint shows no condition broken authorizing them to foreclose against a *bona fide* purchaser.  The complaint does not show the necessary facts to constitute a cause of action.  There is no showing that the conditions of the mortgage were broken, and that by reason thereof the sureties were required to pay the judgment. Jones on Mortg. § § 1213, 1314; 44 Wis. 489; 16 Ark. 83; 23 *Id.* 530; 25 *Id.* 170; 56 S. W. 7.

FRAUENTHAL, J.  The plaintiffs, Cazort & McGehee Company and another, instituted this suit in the Crawford Chancery Court against the defendants, E. C. and W. T. Dunbar, seeking to foreclose a mortgage executed to plaintiffs by John and Ella Sharp on real estate which was subsequently conveyed by the mortgagor, Ella Sharp, to the defendants.

To the complaint the defendants interposed a general demurrer, which was incorporated in their answer.  This demurrer was sustained by the chancery court; and, the plaintiffs declining to plead further, the complaint was dismissed; and from the order of dismissal the plaintiffs bring this appeal.

The complaint, in substance, alleged that in a certain cause pending theretofore in the Crawford Chancery Court, wherein Henry L. Fitzhugh, trustee, was plaintiff and John Sharp and Ella Sharp were defendants, a decree was rendered in favor of the plaintiffs in that suit, and the defendants appealed therefrom to the Supreme Court; and on August 1, 1903, executed a supersedeas bond with the plaintiffs in the present case as sureties thereon; that said decree was by the Supreme Court affirmed in part and reversed in part; "that the said Ella Sharp failed and refused to perform that part of the judgment of the lower court which was affirmed by the Supreme Court;" that afterwards said Fitzhugh, trustee, instituted suit in the Crawford Circuit Court against these plaintiffs upon said supersedeas bond, and on July 3, 1907, recovered judgment against these plaintiffs for the sum of $2,500 and costs amounting to $7.75; and that on October 15, 1907, the plaintiffs paid said judgment; that, in order to secure the plaintiffs by reason of the execution by them of said super-

sedeas bond as such sureties, the said John Sharp and Ella Sharp, on August 1, 1903, executed to them a mortgage on certain real estate, which was duly acknowledged by them, and that the mortgage was duly filed for record on August 11, 1903; that thereafter on June 6, 1905, the said Ella Sharp conveyed said real estate to the defendants. And the plaintiffs in this complaint prayed for a foreclosure of said mortgage and a sale of the land to reimburse them for the amount paid by them on said supersedeas bond and judgment; and they prayed "for such other relief, general and special, as the facts may justify and as to the court may seem fit." Copies of the supersedeas bond, mortgage and judgment referred to in the complaint were made exhibits thereto and also the deed from Ella Sharp to defendants. These exhibits are the foundation of this action, and they are therefore a part of the record of this suit, and will control the averments of the complaint. *Beavers* v. *Baucum,* 33 Ark. 722; *American Freehold Land Mortgage Co.* v. *McManus,* 68 Ark. 263.

By the provisions of the supersedeas bond the said John Sharp and Ella Sharp as principals, and these plaintiffs as sureties, did covenant, amongst other things, the following: "Also that they will satisfy and perform the judgment or order appealed from in case it should be affirmed and any judgment or order which the Supreme Court may render or order to be rendered by the inferior court not exceeding in amount or value the original judgment or order."

The indebtedness clause in the said mortgage executed by John and Ella Sharp to plaintiffs is as follows: "Whereas, the said Cazort & McGehee Company have become sureties on a supersedeas bond given by John Sharp and Ella R. Sharp to supersede a judgment in favor of Henry L. Fitzhugh in the sum of four thousand dollars. Now, if said John Sharp and Ella R. Sharp shall satisfy said judgment, if affirmed, or any judgment rendered against them by the Supreme Court in this cause, then this bond shall be void, but if they fail to do so, then the said grantees or their assignee, agent or attorney in fact, shall have power to sell said property at public sale to the highest bidder, for cash." etc.

It is contended by the defendants that the complaint does not state facts sufficient to show that any condition of said mortgage

has been broken, so as to authorize a foreclosure; that this is an indemnity mortgage; that the condition of said mortgage would only be broken in event that the Supreme Court affirmed the judgment appealed from and rendered judgment in the Supreme Court against the makers of the supersedeas bond, and the mortgagors did not then satisfy such judgment and the mortgagees did pay same; and they contend that such allegations are not made in the complaint.

In determining whether the complaint in this cause states sufficient facts to constitute a cause of action, every fair and reasonable intendment must be indulged in to support it. If a cause of action can be reasonably inferred from the allegations, then it is not subject to a general demurrer. If the averments are imperfect, incomplete or defective, the proper mode of correction is not by demurrer but by a motion to make the allegations more definite and certain. Upon a general demurrer being interposed to a pleading the test then is, can the pleading be cured by amendment? And if the facts stated, together with every reasonable inference therefrom, constitute a cause of action, then the demurrer should be overruled. *Murrell* v. *Henry,* 70 Ark. 161; *Moore* v. *Rooks,* 71 Ark. 562; *St. Louis, I. M. & S. Ry. Co.* v. *Moss,* 75 Ark. 64; *Nelson* v. *Cowling,* 77 Ark. 351; 6 Enc. Pleading & Prac. 389; 31 Cyc. 289-290.

From the complaint and exhibits it sufficiently appears that the obligation assumed by the execution of said supersedeas bond was not only to satisfy any judgment for the recovery of money that might be directly adjudged in and by the Supreme Court against the parties makers on said bond, but any judgment or order that the Supreme Court might render; and therefore, if by any order or judgment of the Supreme Court a liability was incurred by reason of the execution of that bond, the principals in that bond, the mortgagors, agreed to satisfy that liability. That is but a fair and proper inference from the provisions of the supersedeas bond and the mortgage. If, by reason of the judgment of the Supreme Court, a liability resulted against the makers of the supersedeas bond which could be enforced by suit in any court, that liability the mortgagors agreed to satisfy; and the mortgage was executed to secure the performance of that obligation by the mortgagors; and on a failure, therefore, by them

to satisfy that liability the condition of the mortgage was broken. There is a clear distinction between an indemnity mortgage to save the mortgagee harmless and an indemnity mortgage to satisfy a liability incurred. In the former the condition is not broken until the mortgagee is actually damnified by being forced to pay the liability; in the latter the condition is broken as soon as the liability accrues. The bond and mortgage in this case form a contract of indemnity against liability; and when that liability was established, the cause of action accrued to the plaintiffs.

From the allegations of the complaint and the provisions of the supersedeas bond and mortgage it may be reasonably inferred that the averments are in effect that the mortgagors promised to pay whatever liability would be incurred by reason of the execution of the supersedeas bond; and to secure that written promise they executed the mortgage. Upon a failure, then, by John Sharp and Ella Sharp, or either of them, to pay such liability, the cause of action accrued to the mortgagees. *Snider* v. *Greathouse* 16 Ark. 72; *Bone* v. *Torrey,* 16 Ark. 83; *Faust* v. *Burgevin,* 25 Ark. 170; *Guncl* v. *Cue,* 72 Ind. 34; *Thurston* v. *Prentiss,* 1 Mich. 193; 22 Cyc. 90; 27 Cyc. 1068.

The amount of that liability is alleged in the complaint as being the amount of a certain judgment recovered against the plaintiffs in the Crawford Circuit Court by the appellee in the supersedeas bond. That judgment, it appears, was recovered against the plaintiffs by consent. John and Ella Sharp were not parties to that suit, and therefore no judgment was recovered against them. The judgment, therefore, can only be *prima facie* evidence of the amount of the liability secured by the mortgage. Because the judgment was rendered by consent does not render it void. The fact that consent to its rendition was given is no evidence of any fraud, for that action may have been taken because there was no defense thereto, and to save cost. If the defendants desired a more detailed or definite statement of the liability, it could have been secured by a motion made for that purpose.

The indebtedness clause of the mortgage does not state the exact amount of the debt to be secured. But the character of the indebtedness is sufficiently set forth, from which the amount could be ascertained. "If the mortgage contains a general de-

scription sufficient to embrace the liability intended to be secured, and to put a person on examining the records upon inquiry, and to direct him to the proper source for more minute and particular information of the amount of the incumbrance, it is all that fair dealing and the authorities demand." *Curtis* v. *Flinn,* 46 Ark. 70; *Hoye* v. *Burford,* 68 Ark. 256.

It is also urged by defendant that it appears from the mortgage and acknowledgment that Ella Sharp was the wife of John Sharp, and that she did not convey the land in question as her separate property, but only released and conveyed dower and homestead rights. We do not think that there is any merit in this contention, even if it should be conceded that the complaint would be demurrable on this account. It appears from these instruments that Ella Sharp did join in the granting clause of the mortgage; and also that the following clause is in the mortgage: "And I, Ella R. Sharp, wife of the said John Sharp, for the consideration aforesaid and hereinafter set out, do hereby convey and release unto the said Cazort & McGehee Company all my estate, title and interest, and all my rights of dower and of homestead in and to said lands." The acknowledgment states: "And on the same day also voluntarily appeared before me the said Ella Sharp, wife of said John Sharp, to me well known, and in the absence of her husband declared that she had, of her own free will, executed the foregoing deed, and executed, signed and sealed the relinquishment of dower and of homestead therein expressed, for the consideration and purposes therein mentioned and set forth, without compulsion or undue influence of her said husband." This is a sufficient execution and acknowledgment of a deed by a married woman to her separate property.

From this it follows that the court erred in sustaining the demurrer to the complaint and in entering its decree of dismissal.

The decree is therefore reversed, and this cause is remanded with directions to overrule said demurrer to the complaint.