MAYFIELD WOOLEN MILLS *v.* LEWIS.

Opinion delivered January 2, 1911.

1. EXECUTIONS—CONSTRUCTION OF PENAL ACT.—Kirby's Digest, § 3286, providing a penalty for the neglect or refusal of an officer to whom an execution has been delivered to make sale of property levied upon by him, is highly penal, and the party invoking it must bring himself within both its letter and spirit, as its terms will not be extended by construction to cases not within its plain meaning. (Page 151.)

2. SAME—WHEN FAILURE TO SELL EXCUSED.—A constable will not be liable for the statutory penalty for failure to sell property levied upon by him under execution where before the return day of such execution the execution-plaintiff procured an alias execution to be issued and placed in the hands of another constable with instructions to levy upon the same property. (Page 151.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant had executions issued on certain judgments it held against Wood & Tucker, a firm of merchants. The executions were placed in the hands of appellee Lewis. They were issued May 6, 1905, and the return day was June 5. Lewis levied upon the goods of the debtors, and advertised same for sale on May 20, 1905. On that day Lewis demanded of the appellant through its attorney an indemnifying bond. Appellant failed to make a bond that was satisfactory, and Lewis thereupon postponed the sale until May 28, and put up notices to that effect. Upon the refusal of Lewis to make sale of the goods on May 20, the attorney for appellant had another execution issued, and placed in the hands of one Ed Cabiness, the constable of El Dorado Township, with instructions to levy on the goods. Cabiness "went down and took charge of the goods and advertised them for sale." Lewis then abandoned the sale that had been postponed by him, because he had been informed that Cabiness had gone down and taken charge of the goods under execution in his hands. This action was instituted by appellant against Lewis and his bondsmen to recover judgment for the penalty prescribed by section 3286, Kirby's Digest, for neglect or refusal to make sale of goods levied upon

under an execution, etc. This is the second appeal to this court. The case is reported in 89 Ark. 488. After the cause was remanded, the answer was amended, and it set up as one of the defenses of appellees that after Lewis had postponed or continued the sale to May 28, 1905, appellant through its attorney, R. G. Harper, on May 22, 1905, sued out an alias execution on the same judgment against Wood & Tucker and placed same in the hands of Cabiness, the constable, for levy and sale thereunder; that at appellant's instance Cabiness levied upon the goods which had been previously levied upon by Lewis, and advertised the goods to be sold by himself (Cabiness) under the alias execution on the 1st day of June, 1905, which date was within the life of the executions on which Lewis had made his levy; that by this act appellant placed the selling of said goods and the enforcement of the judgments in the hands of Cabiness. Other defenses were set up, but it is unnecessary to consider them, for we are of the opinion that the evidence adduced on the first defense mentioned, *supra,* warranted the court in instructing the jury to return a verdict in favor of appellees.

*R. G. Harper* and *Thornton & Thornton,* for appellant.

The peremptory instruction should not have been given. The jury might have found from the evidence that appellee received the executions and levied the same upon a sufficient amount of the property of the judgment debtor, and then without excuse refused to sell the same. The conduct and manner of testifying of the constable would have warranted the jury in disbelieving his testimony, and without his testimony there is no excuse shown for his conduct, nor any defense to the action. 82 Ark. 86; 88 Ark. 550. The question, also, whether the property levied on was seized and taken under bankruptcy proceedings during the life of the execution was one of fact for the jury to pass upon. 89 Ark. 488.

*Powell & Taylor,* for appellee.

This court on former appeal said that the statute, Kirby's Dig. § 3286, is highly penal, and its terms should not be extended by construction to cases not within its plain meaning. 89 Ark. 488; 56 Ark. 45; 71 Ark. 562. It inflicts the penalty only

in case of wilful or corrupt neglect of duty. The constable's request for a bond, though he may not have had the right to demand it, yet, under the circumstances of the case, was a reasonable and fair one. 74 Ark. 364; *Id.* 413. Suing out a second execution and placing it in the hands of another constable during the life of the first execution was tantamount to a request by plaintiff's attorney upon Lewis to desist from any further action.

WOOD, J., (after stating the facts). The fact that Lewis postponed the sale to May 28, 1905, showed that he had not neglected or refused to make sale of the property taken under the execution. He still had time to properly advertise and make sale of the property before the return day of the execution. But for the fact that appellant had an alias execution issued and placed in the hands of another officer with directions to take charge of the goods and sell them, Lewis might have made the sale under the execution in his hands according to law. The judgment creditor had control over the executions it had placed in the hands of the officer. It was within the province of the appellant to recall the execution it had placed in the hands of one officer, or to direct him not to make sale under it, even after he had advertised the property for sale. The conduct of appellant in having the alias execution issued and placed in the hands of another constable with directions to levy upon the same property that had been levied upon by appellee Lewis was equivalent to a withdrawal of the execution in the hands of Lewis and a direction to him to proceed no further under it. This conduct of appellant justified Lewis in acquiescing in the manifest desire of appellant to have the sale made by another officer. Certainly, Lewis and his bondsmen could not be held for the severe penalties denounced by the statute because Lewis did not interpose to prevent appellant from having its own way with the alias execution. "The statute in question is highly penal, and the party invoking it must bring himself within both the letter and spirit of it." *Craig* v. *Smith,* 74 Ark. 364. It "was not enacted as a substitute for an ordinary action to recover the amount due, but was to reach palpable derelictions on the part of the officer." *Williams* v. *State,* 65 Ark. 159. "Its terms should not be extended to cases

not within its plain meaning." *Mayfield Woolen Mills* v. *Lewis,* 89 Ark. 488, citing *Hawkins* v. *Taylor,* 56 Ark. 45; *Moore* v. *Rooks,* 71 Ark. 562.

The judgment is correct. Affirm.