LEWIS *v.* PEARSON COMPANY.

Opinion delivered April 26, 1915.

EXECUTIONS—FAILURE OF SHERIFF TO MAKE RETURN—PERSONAL LIABILITY.— Under Kirby's Digest, § 3286, providing that a sheriff who fails to make a return on an execution delivered to him on the return date, shall be liable for the whole amount specified in the execution, the sheriff will be liable, when he fails to make a return on the return date on an execution issued by the clerk of a common pleas court.

Appeal from Crittenden Circuit Court; *J. F. Gautney,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee brought this suit against appellant, alleging that appellant was the sheriff of Crittenden County, Arkansas; that on the 18th of October, 1909, in the common pleas court of Crittenden County appellee recovered judgment against the firm of A. D. Humphries & Son for the sum of $319.39, which with interest amounted to $340.95, and costs of the action which amounted to $10.75; that on December 7, 1909, execution was issued in the above cause by the clerk of the common pleas court, returnable in thirty days, and placed in the hands of the appellant as sheriff of Crittenden County; that appellant failed to make return of the execution within thirty days as required by law. The appellee therefore prayed judgment for the amount of the judgment and costs recovered in the common pleas court.

The appellant demurred to the complaint, which demurrer the court overruled, and, the appellant electing to stand upon this demurrer, judgment was rendered against him for the amount sued for, from which judgment this appeal has been duly prosecuted.

*A. B. Shafer,* for appellant.

The court has held that this statute is highly penal and that the party invoking it must bring himself within the letter and spirit of it. 74 Ark. 364, 85 S. W. 1124. Its terms should not be extended by construction to cases not within its plain meaning. 89 Ark. 488, 117 S. W. 558, and cases cited. See also 96 S. W. (Ark.) 119.

Section 9 of the act creating the court of common pleas of Crittenden County, Acts 1905, pages 364-367, providing that the rules of practice and procedure governing in the circuit court shall be the rules of practice and procedure in this court, except as otherwise provided in the act, has reference to the general rules, etc., and particularly the chapter on pleadings and practice in the Digest, and did not intend to include the penal provisions of section 3286. It ought not to be extended by construction to include the provisions of this highly penal statute.

*W. W. Hughes,* for appellee.

Section 3286 was in existence when the Constitution of 1874 was formed and was continued in force by section 1, schedule of that Constitution. The same instrument also provided for the establishment of courts of common pleas. Art. 7, § § 1 and 32. The force of the above statute became operative with relation to executions issued from the common pleas court of Crittenden County on and after the establishment thereof by the General Assembly.

WOOD, J., (after stating the facts). This suit was brought under section 3286 of Kirby's Digest, which, so far as is necessary for the purpose of this opinion to set out, is as follows: "If any officer to whom any execution shall be delivered * * * shall not return any such execution on or before the return day therein specified, * * * each officer shall be liable and bound to pay the whole amount of money in such execution specified, or thereon indorsed and directed to be levied."

This section was a part of the Revised Statutes, section 62, which has been continued in force under section 1 of the schedule of the Constitution, which provides that "all laws now in force which are not in conflict or inconsistent with this Constitution shall continue in force until amended or repealed by the General Assembly." Our Constitution provides for the establishment of courts of common pleas by the General Assembly. Art. 7, § 32. While the language of the statute is broad, it is sufficiently specific to cover executions issuing from any court created by the Constitution or by its authority. The language of the statute is "if any officer to whom any execution shall be delivered * * * shall not return any such execution," etc.

"The statute in question is highly penal, and the party invoking it must bring himself within both the letter and spirit of it." *Craig* v. *Smith,* 74 Ark. 364. See also *State* v. *International Harvester Co.,* 79 Ark. 517.

"Its terms should not be extended by construction to cases not within its plain meaning." *Mayfield Woolen Mills* v. *Lewis,* 89 Ark. 488.

The purpose of the statute, as was said in *Williams* v. *State,* 65 Ark. 159, was to reach palpable derelictions on the part of the officer, but when an officer fails to make the return within the time required by the statute, such is a palpable dereliction, and there is no escape from the plain mandate of the law, and it must be obeyed when the party invoking it brings himself within both its letter and spirit, as the appellee in this case has done.

The judgment of the circuit court is therefore correct, and is affirmed.