STATE USE SOUTHERN FINANCE CORPORATION, *v.* WARNER.

Opinion delivered April 11, 1932.

*George M. Booth, W. J. Schoonover* and *Walter L. Pope,* for appellant.

*W. P. Smith* and *H. L. Ponder,* for appellees.

McHANEY, J.  Appellant, a judgment creditor of one Davis and his bondsmen on a forthcoming bond, sued appellee Warner who is the sheriff of Lawrence County, and the other appellees who are the bondsmen on his official bond, to recover the sum of $428.85, the amount for which an execution was issued against said Davis and his bondsmen, on the ground that the execution was not returned within sixty days, as provided by § 4360, Crawford & Moses' Digest.  There were three executions issued on said judgment, the first on November 7, 1929, upon which the officer made the following return: "This writ of execution came to my hand on the 7th day of November, 1929, at ten o'clock A. M., and is hereby returned unsatisfied, there being nothing pointed out to levy on."  This return did not show the date on which the indorsement was made nor when it was filed, but the

clerk's execution docket shows that he noted the return as of the 17th day of January, 1930, a period of more than sixty days after its issuance. The second execution was issued January 17, 1930, and the indorsement of the return made by the officer is as follows: "This writ came to my hands on the 17th day of January, 1930, at two o'clock P. M. On the 16th day of March, 1930, I hereby return the said execution unsatisfied, there being nothing pointed out to levy on." This return showed on its face that it was returned within the sixty days, but the clerk's execution docket noted its return as of April 1, 1930, a period of more than sixty days according to the clerk's docket. The third execution was issued on April 2, 1930, and upon this execution a levy was made on certain real property owned by one of the bondsmen on Davis' forthcoming bond. The property was advertised and sold to one of the attorneys for appellant for a nominal sum. The following return was then made on the proof of publication which was attached to the execution: "There being no one present to bid on this property, it was knocked off to George M. Booth, for costs plus $1, he being attorney for Southern Finance Corporation. Signed W. E. Archer." Mr. Archer was the deputy sheriff who handled all the executions and made the sale. The case was submitted to the court sitting as a jury, and a finding was made "that the different executions issued for the collection of the judgment sued on herein were properly returned by R. B. Warner, sheriff of Lawrence County to the clerk of the circuit court of Lawrence County within the time and for the manner as provided by law." The court further found that as to the last execution certain lands were levied upon, properly advertised and sold to George Booth, for which a certificate of purchase was made out and delivered to and retained by him, and that appellant was not entitled to recover in the action. Judgment was entered accordingly.

The sheriff and his deputy, Mr. Archer, were permitted to testify over objections that they had made return of the executions in apt time; that it was their prac-

tice to do so, and that they were careful not to let them go by; that the clerk kept a box in his office in which papers of this kind were deposited by the sheriff and his deputies to be filed by the clerk; that they were sure these executions were deposited in the box in the clerk's office within the sixty days from the date of their issuance; and that the clerk's execution docket erroneously stated the date later than the actual return. We fail to see why this evidence is not competent, even though it tends to contradict the entry made by the clerk in his execution docket, especially so since the clerk himself did not testify that he entered the return date in his docket the day the writs were actually deposited in his office. It might be that the clerk did not enter them into his docket until some time later and noted the return as of the day he made the entry. At any rate we do not think the entry made by the clerk is conclusive of the fact as to when the return was made and not subject to contradiction by the sheriff. The first execution did not show the date of the return in the indorsement by the sheriff, but the second one did and it is reasonable to suppose the sheriff would return the writ to the clerk's office on the date of the indorsement made. As to the third execution, the return shows it was executed by making a levy and sale of the property, and in all probability could not have been returned within the sixty days because the sale had to be advertised and made according to law. This court has many times held that the statute under which this action is brought is highly penal, and that it should not be applied except in cases coming clearly in its purview. *Mayfield Woolen Mills* v. *Lewis,* 89 Ark. 488, 117 S. W. 558, 16; same case, 97 Ark. 149, 133 S. W. 590; *McIlroy Banking Co.* v. *Mills,* 178 Ark. 741, 11 S. W. (2d) 481.

Since the case was tried before the court as a jury, its finding and judgment will not be disturbed by this court, unless there is no substantial evidence to support it. The testimony of the sheriff and his deputy, being competent, constitutes substantial evidence that the returns made on the different executions were made in apt

time. Of course, the clerk's docket was evidence of the facts shown, but it was not conclusive evidence on the sheriff.

Affirmed.